# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DWIGHT JORGENSEN and PAXTON ANDERSON,[1] | Case No. 20-CV-2349 (NEB/DTS) |
| Petitioners, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| B. BIRKHOLZ, *Warden of Federal Prison Camp Duluth*, and MICHAEL CARVAJAL, *Director of the Federal Bureau of Prisons*, | |
| Respondents. | |

Dwight Jorgensen and Paxton Anderson ("Petitioners") are inmates at Federal Prison Camp–Duluth. In response to the COVID-19 pandemic, they petitioned for writ of habeas corpus under 28 U.S.C. Section 2241. (ECF No. 1 ("Pet.").) Petitioners also sought a temporary restraining order and preliminary injunction from the Court ordering FPC–Duluth (and the Bureau of Prisons) to release them to home confinement and to implement social distancing and de-densification of FPC–Duluth's population. (ECF No. 4.) In a Report and Recommendation, United States Magistrate Judge David T. Schultz

---

[1] Jorgensen and Paxton first brought their claims as a class action. (ECF No. 1 at 1.) United States Magistrate Judge David T. Schultz, noting that *pro se* litigants cannot represent a class, construed their claims as being on their own behalf only. (ECF No. 9.) Jorgensen and Paxton do not challenge this determination. (ECF No. 13 at 4.)

recommends dismissing the Petition, denying the motion for injunctive relief, and staying the entry of judgment for 60 days to permit Petitioners to refile their claims as a civil rights lawsuit. (ECF No. 16 ("R&R") at 26–27.) Petitioners objected, and further requested that the Court delay ruling on the R&R and order the government to determine whether Petitioners are eligible for release under possible new release guidelines. (ECF Nos. 19, 25, 30.)

For the following reasons, the Court overrules Petitioners' objections, accepts the R&R, dismisses the Petition for lack of jurisdiction, but stays the entry of judgment for 60 days so that Petitioners may refile their claims as a civil rights lawsuit if they so choose, and denies Petitioners' motion for injunctive relief.

**ANALYSIS**

The Court reviews the portions of the R&R to which Petitioners object *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). It reviews the remaining portions of the R&R for clear error. Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Because Petitioners are proceeding *pro se*, the Court construes their objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The R&R details the facts of the case and the Court incorporates them by reference. (R&R at 2–8.)

### I. Habeas Corpus

Petitioners bring the Petition under 28 U.S.C. Section 2241. (Pet. at 1.) The Court may not grant a writ of habeas corpus unless the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). If, however, the petitioner is not challenging the fact or duration of his custody—that is, the legality of his detention—a writ of habeas corpus is not the correct remedy for the alleged violation of his rights. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014). If he petitions for a writ of habeas corpus but does not "attack the validity of his sentence or the length of his . . . custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger*, 77 F.3d at 1073. If the petitioner is truly challenging the conditions of confinement (something outside the "core" of habeas corpus), rather than the confinement itself, the correct remedy is through a civil rights action. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Petitioners direct their claims to the conditions of their confinement, not the validity or length of their custody. The Court therefore lacks subject matter jurisdiction to issue a writ of habeas corpus. *Kruger*, 77 F.3d at 1073. As the R&R noted, Petitioners' core complaint is about the BOP's response to COVID-19 at FPC–Duluth. In the absence of the COVID-19 pandemic, Petitioners' claims would not exist. (R&R at 15 (citing cases).)

This result—dismissal for lack of subject matter jurisdiction—aligns with similar cases decided in this District. *Angelica C. v. Immigr. & Customs Enf't*, No. 20-CV-913

(NEB/ECW), 2020 WL 3441461 (D. Minn. June 5, 2020), *report and recommendation adopted*, 2020 WL 3429945 (D. Minn. June 23, 2020); *Mohammed S. v. Tritten*, No. 20-CV-793 (NEB/ECW), 2020 WL 2750836 (D. Minn. Apr. 28, 2020), *report and recommendation accepted*, 2020 WL 2750109 (D. Minn. May 27, 2020). In both of these cases, the Court ruled that the COVID-related habeas petitions challenged the fact of detention itself, rather than the conditions of detention. Thus, the Court had jurisdiction. *Angelica C.*, 2020 WL 3441461, at *10–11; *Mohammed S.*, 2020 WL 2750836, at *19. In contrast, in *Malcolm v. Starr*, No. 20-CV-2503 (MJD/LIB), 2021 WL 190870 (D. Minn. Jan. 15, 2021), *report and recommendation accepted in part and rejected in part*, 2021 WL 931213 (D. Minn. Mar. 11, 2021), petitioners made claims similar to those made here. The court, citing *Spencer*, concluded that it lacked jurisdiction because the challenges were to the conditions of confinement, not to the fact of confinement. *Id.* at *4–6; 2021 WL 931213 at *3–4 (accepting the R&R's conclusion that the court lacked jurisdiction). The Court's conclusion in this case is consistent with its prior rulings in *Angelica C.* and *Mohammed S.*, and with *Malcolm*. The Court lacks jurisdiction to consider the Petition and therefore dismisses it.

**II.      Injunctive Relief and Civil Rights Claims**

Because the Court concludes that it lacks jurisdiction over the Petition, it does not reach the merits of Petitioners' motion for injunctive relief and therefore denies it. Judge Schultz concluded that the appropriate course of action was to dismiss the case without prejudice, but stay the judgment for 60 days to permit Petitioners to refile their claims as

4

a civil rights lawsuit. The Court agrees that this is the proper course. *Spencer*, 774 F.3d at 471 ("We think the better practice will be for district courts to first obtain the consent of the pro se individual before converting their claims from a habeas proceeding to a civil rights action. . . . We remand the case to the district court to reopen the matter and give Spencer an opportunity to pursue his claim as a *Bivens* suit if he so chooses.") (cleaned up).

### III. Motion for Delayed Ruling

Petitioners also assert that the BOP is no longer requiring that inmates serve 50% of their sentences before becoming eligible for release to home confinement. (ECF No. 30 at 1.) They therefore ask the Court to refrain from ruling on their motion until the BOP clarifies whether it has removed this threshold or maintains it. (*Id.* at 2.) The BOP has clarified that it is still requiring inmates such as Jorgensen and Anderson[2] to serve at least 50% of their sentences before becoming eligible for release to home confinement. (ECF No. 32 ¶¶ 4, 6.) Jorgensen and Anderson have not met this threshold and are accordingly ineligible under the BOP's policies for release to home confinement. (*Id.* ¶ 7.)

The Court has no power to review the BOP's denial of a request for release to home confinement. The BOP has the sole authority to designate where an inmate will serve his

---

[2] The BOP does not require an inmate to have served 50% of his sentence when the inmate has 18 months or fewer remaining on their sentence and has served at least 25% of his sentence. Jorgensen and Anderson do not fulfill these requirements. (ECF No. 32 ¶¶ 4, 6–7.)

sentence. 18 U.S.C. § 3621(b). Home confinement is a place of imprisonment. *See Miller v. Whitehead*, 527 F.3d 752, 755 n.3 (8th Cir. 2008) (recognizing that it had previously assumed that residential reentry centers, or "halfway houses" are "places of confinement" under Section 3621(b)). And Congress has precluded judicial review through either the Administrative Procedure Act or other methods of inmate designations. 18 U.S.C. §§ 3621(b), 3625.

Because the BOP has not changed its criteria, nor can the Court review decisions under those criteria, the Court denies the motion.

Finally, the Court has reviewed the portions of the R&R to which the parties have not objected. Finding no clear error, the Court accepts those portions consistent with its analysis above. Fed. R. Civ. P. 72(b); *Grinder*, 73 F.3d at 795

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioners' Motion for Delay of Ruling (ECF No. 30) is DENIED;

2. Petitioners' Objections (ECF Nos. 19, 25) are OVERRULED;

3. The R&R (ECF No. 16) is ACCEPTED, consistent with this opinion;

4. Petitioners' motion for a temporary restraining order (ECF No. 4) is DENIED;

5. The Petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and

6. Entry of judgment in this case is STAYED for 60 days to permit Petitioners to refile their claims as a civil rights lawsuit.

Dated: July 13, 2021

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge